1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of himself and persons similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>CONIFER REVENUE CYCLE SOLUTIONS, LLC, a Texas limited liability company doing business as CONIFER HEALTH SOLUTIONS LLC and CONIFER HEALTH; and DOES 1-20,<br><br>        Defendants. | Case No. 2:23-cv-01790<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Clerk's Action Required] |

19

20

**TO:**      **CLERK OF THE COURT**

**AND TO:**   **PLAINTIFF SHANNON SPENCER AND HIS ATTORNEYS OF RECORD**

21

22

23

24

25

26

      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendant Conifer Revenue Cycle Solutions, LLC, d/b/a/ Conifer Health Solutions LLC and Conifer Health ("Defendant") hereby removes the instant action from the King County Superior Court for the State of Washington, Case No. 23-2-19345-8 SEA, to the United States District Court for the Western District of Washington, Seattle Division, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b).  Alternatively, removal is also proper pursuant to the Class Action

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b).  This Notice of Removal is supported by the Declarations of Adam T. Pankratz ("Pankratz Decl.") and Stephanie Wheeler ("Wheeler Decl.") filed concurrently herewith, and the statements of facts and arguments below.

## I.    BACKGROUND

1.      On or about October 6, 2023, Plaintiff Shannon Spencer caused to be filed a Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief ("Complaint") in this action in the King County Superior Court for the State of Washington, captioned *Shannon Spencer, individually and on behalf of all others similarly situated, Plaintiff, vs. Conifer Revenue Cycle Solutions, LLC, a Texas limited liability company doing business as Conifer Health Solutions LLC and Conifer Health; and Does 1-20, Defendants*, Case No. 23-2-19345-8 SEA.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of Removal and as Exhibit 1 to Pankratz Decl. at ¶ 2.

2.      On October 6, 2023, Plaintiff filed his 20-day Summons to Defendant Conifer Revenue Cycle Solutions, LLC with the King County Superior Court.  Pankratz Decl. at ¶ 3, Ex. 2.

3.      On October 6, 2023, Plaintiff filed a true and correct copy of the Case Information Cover Sheet and Area Designation.  Pankratz Decl. at ¶ 4, Ex. 3.

4.      On October 6, 2023, the King County Superior Court Clerk entered an Order Setting Civil Case Schedule.  Pankratz Decl. at ¶ 5, Ex. 4.

5.      On October 24, 2023, Plaintiff filed his Declaration of Service of Summons and Complaint, showing service upon Defendant Conifer Revenue Cycle Solutions, LLC on October 19, 2023.  Pankratz Decl. at ¶ 6, Ex. 5.

6.      On October 31, 2023, Adam T. Pankratz filed a Notice of Appearance on behalf of Defendant in the King County Superior Court.  Pankratz Decl. at ¶ 7, Ex. 6.

7.      The foregoing Exhibits 1–6 constitute all of the process, pleadings, and orders either served upon Defendant or filed in this action.  Pankratz Decl. at ¶ 8.

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 2
Case No. 2:23-cv-01790

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8.      The deadline for Defendant to remove this action has not expired since receipt by Defendant of the Summons and Complaint.  Defendant has not voluntarily invoked or submitted to the jurisdiction of the King County Superior Court of the State of Washington in any manner. Pankratz Decl. at ¶ 12.

9.      No further proceedings have been had in the state court as of the date of this Notice. *Id.*  As a result, true and correct copies of all process, pleadings, orders, and other records served or filed in the state court action have been provided herewith.

10.      By filing this Notice of Removal, Defendant does not waive, but expressly reserves, any objections as to the legal sufficiency of Plaintiff's claims and any and all other defenses.

## II.      <u>DIVERSITY JURISDICTION</u>

11.      District courts have jurisdiction for civil actions where: (A) the controversy is between citizens of different states; and (B) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).   It is the removing party's burden to establish that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir. 2010) (internal citations omitted).   Both requirements of diversity jurisdiction are met here, as addressed below.

**A.      Complete Diversity of Citizenship.**

12.      Plaintiff and Defendant are citizens of different states.  28 U.S.C. § 1332.

(a)      Plaintiff's Citizenship.  For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). The Ninth Circuit has held that "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Comm'ns, Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019).  Here, Plaintiff pled in his Complaint that he is a resident of King County, Washington.  Pankratz Decl. ¶ 2, Ex. 1. Thus, based upon Plaintiff's assertions, Plaintiff is a citizen of Washington.

1   (b)    **Defendants' Citizenship.**    Defendant is a limited liability company

2   organized under the laws of the State of Texas.  Wheeler Decl., ¶ 3.  "For purposes of diversity

3   jurisdiction, an LLC is a citizen of every state of which its owners/members are citizens."  *Rapid*

4   *Readymix Co.,* 2023 U.S. Dist. LEXIS 87528, *2.  As explained in the Wheeler Decl., no members

5   or subsequent layers of relevant control are citizens of Washington.  *See* Wheeler Decl., ¶ 4.

6   13.    Based upon the foregoing, there is complete diversity of citizenship between

7   Plaintiff, who is a citizen of Washington, and Defendant, which is a citizen of Delaware and

8   Colorado.

9   **B.    Amount in Controversy.**

10   14.    The amount in controversy must exceed $75,000.  28 U.S.C. § 1332.

11   15.    In determining whether the jurisdictional minimum is met, the Court considers all

12   recoverable damages, including mental and emotional distress damages, punitive damages,

13   statutory penalties, and attorneys' fees.  *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.

14   2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS*

15   *Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998).  The amount in controversy includes all

16   future damages the plaintiff would be entitled to upon resolution of the case in his favor.  *Chavez*

17   *v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

18   16.    Defendant has the burden of showing that it is more likely than not that the

19   jurisdictional threshold is in controversy.  *Sanchez,* 102 F.3d at 404.  "[That] burden is not

20   'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to

21   'research, state, and prove the plaintiff's claim for damages.'"  *Muniz v. Pilot Travel Centers LLC*,

22   2007 WL 1302504 at 2 (E.D. Cal. May 1, 2007) (*quoting McCraw v. Lyons*, 863 F. Supp. 430, 434

23   (W.D. Ky. 1994)).

24   17.    In measuring the amount in controversy, the Court must assume that the allegations

25   of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made

26   in the Complaint.  *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Thus,

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 4
Case No. 2:23-cv-01790

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys'

2   fees, costs, and expenses.

3       18.    Under 28 U.S.C. § 1446(c), Defendant has a reasonable good-faith belief that

4   Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.

5           (a)    Statutory Damages.    First, Plaintiff seeks statutory damages of actual

6   damages or $5,000, whichever is greater, pursuant to RCW 49.58.070(1). *See* Pankratz Decl., Ex.

7   1, at ¶ Section VII. Request for Relief, ¶ 2.

8           (b)    Attorneys' Fees, Expenses, and Costs.    Second, Plaintiff seeks attorneys'

9   fees, expenses, and costs under RCW 49.58.070(1). *See* Pankratz Decl., Ex. 1, at Section VII.

10  Request for Relief, ¶ 3.  Statutory attorneys' fees are included in a computation of the amount in

11  controversy. *Galt G/S*, 142 F.3d at 1155–56.  The Ninth Circuit has held that future attorneys'

12  fees awards are part of the amount in controversy, not just those fees that are incurred at the time

13  of removal. *Chavez*, 888 F.3d at 417; *Fritsch*, 899 F.3d at 788.  Defendant retains the burden of

14  proving the amount of future attorneys' fees by a preponderance of the evidence, *Fritsch*, 899 F.3d

15  at 788, and may estimate them at the time of removal, *Gonzales v. CarMax Auto Superstores, LLC*,

16  840 F.3d 644, 649 n.2 (9th Cir. 2016).  Based on experience in similar class action litigation, if

17  successful, Plaintiff's fee award will likely be in excess of $75,000, and in fact, Plaintiff's counsel

18  has routinely sought approval of fee awards in excess of that amount. *See* Pankratz Decl., Exs. 8-

19  11 (approval of fee awards of $138,600, $204,848.83, $270,000, and $85,000).  Further to this

20  point, courts in the Ninth Circuit have estimated the number of hours for employment cases

21  between 100 and 300 hours. *Adkins*, 293 F. Supp. 3d at 1148; *Garcia*, 2014 WL 2468344 at *5;

22  *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *6 (C.D. Cal. 2015).  Plaintiff's

23  counsel recently sought approval of a billing rate of $725 per hour, and presuming he would do

24  the same here, his fees would outstrip the amount in controversy threshold. *See* Pankratz Decl.,

25  Ex. 12 (approval of $725 per hour).

26

1    (c)    Service Award.  Finally, Plaintiff seeks a service award related to his

2   purported role as class representative.  In collective and class action cases, Plaintiffs routinely

3   request an award of $15,000-$20,000.  Defendant expects no difference here.

4    19.    In Sum.  When combined, it is more likely than not that the amount in controversy

5   exceeds $75,000, particularly considering statutory damages of $5,000, attorneys' fees in class

6   action cases which routinely exceed $75,000, and a service award to Plaintiff up to $20,000.

7    **III.    CLASS ACTION FAIRNESS ACT ("CAFA") JURISDICTION**

8    CAFA provides an alternative ground for removal.  "CAFA gives federal district courts

9   original jurisdiction over class actions in which [1] the class members number at least 100, [2] at

10  least one plaintiff is diverse in citizenship from any defendant [i.e., minimal diversity], and [3] the

11  aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra v.*

12  *Manheim Investments, Inc*., 775 F.3d 1193, 1195 (9th Cir. 2015).  *See also* 28 U.S.C. § 1332(d)(2).

13  "CAFA's provisions should be read broadly, with a strong preference that interstate class actions

14  should be heard in a federal court if properly removed by any defendant."  *Jauregui v. Roadrunner*

15  *Transp. Servs.,* 28 F.4th 989, 992-993 (9th Cir. 2022) (citation omitted).   The three CAFA

16  requirements are met.

17    1)    *More Than 100 Class Members*

18    Plaintiff seeks to represent a putative class of all "all individuals who, from January 1,

19  2023, through the date notice is provided to the Class, applied for a job opening in the State of

20  Washington with Defendant, where the job posting did not disclose the wage scale or salary range

21  for the position."  Pankratz Decl., Ex. 1, ¶ 19.  Plaintiff alleges that this putative class contains

22  "potentially hundreds" of applicants.  *Id.*, ¶ 21.  Additionally, notwithstanding Defendant's

23  objections to Plaintiff's Class Definition, Defendant's records reflect that Plaintiff's Class

24  Definition would encompass 100 or more members.

25

26

2)   *Minimal Diversity Exists Under CAFA*

Diversity of parties "speaks of citizenship, not of residency," and a "natural person's state citizenship is . . . determined by her state of domicile," which "is her permanent home, where she resides with the intention to remain or to which she intends to return." *Rapid Readymix Co. v. Concrete Strategies LLC*, 2023 U.S. Dist. LEXIS 87528, *1–2 (W.D. Wash. May 18, 2023) (citations omitted). Here, Plaintiff's "permanent home, where [he] resides with the intention to remain" was alleged to be Washington. *Rapid Readymix*, 2023 U.S. Dist. LEXIS 87528, *1–2.

As noted above, "For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners/members are citizens." *Rapid Readymix Co.,* 2023 U.S. Dist. LEXIS 87528, *2. No members or subsequent layers of relevant control are citizens of Washington. *See* Wheeler Decl. ¶ 4. Defendant is a citizen of Delaware and Colorado. *See* Wheeler Decl., ¶ 4. Thus, minimal diversity is established.

3)   *The Aggregate Amount in Controversy Exceeds $5 Million*

While Plaintiff does not set forth a specific dollar amount in the prayer for relief, based upon Plaintiff's allegations in the Complaint, if successful, the aggregate amount in controversy is greater than $5 million.

In assessing the amount in controversy, courts assume that Plaintiff's allegations are true and that a jury will find for Plaintiff on all claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). As noted above, this means that the amount in controversy includes damages, the cost of injunctive relief, and attorneys' fees, and Defendant must only put forth a plausible allegation that this amount exceeds the requisite threshold. *See e.g., Dart v. Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). As also discussed above, Plaintiff's claims alone exceed $75,000. Under CAFA, "the claims of all members of a putative class action shall be aggregated" for purposes of the amount in controversy. 28 U.S.C. § 1332(d)(6). Considering the breadth of Plaintiff's Class Definition, the amount in controversy exceeds the

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 7
Case No. 2:23-cv-01790

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

amount of $5,000,000. Therefore, this action satisfies the amount in controversy threshold of CAFA.

## IV.     ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

20.     This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described King County Superior Court case is pending. *See* 28 U.S.C. § 1441(a).

21.     This Notice of Removal is being timely filed within 30 days of October 19, 2023, when according to Plaintiff's Declaration of Service, Defendant received notice of the pleadings upon which this removal is based. *See* 28 U.S.C. § 1446(b).

22.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court."

23.     As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendant served Plaintiff with this Notice of Removal and with their Notice to State Court of Removal to Federal Court.

## V.     CONCLUSION

WHEREFORE, Defendant respectfully requests that this case be removed from the King County Superior Court of the State of Washington to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to this action.

///
///
///
///
///
///

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 8
Case No. 2:23-cv-01790

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Respectfully submitted this 20th day of November, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
   Adam T. Pankratz, WSBA #50951
   1201 Third Avenue, Suite 5150
   Seattle, WA  98101
   Telephone:  (206) 693-7057
   Facsimile:  (206) 693-7058
   Email:    adam.pankratz@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Mathew A. Parker*
   Mathew A. Parker, OSBA #0093231
   (*pro hac vice* application pending)
   The KeyBank Building
   88 East Broad Street, Suite 2025
   Columbus, OH  43215
   Telephone:  (614) 494-0420
   Facsimile:  (614) 633-1455
   Email:    mathew.parker@ogletree.com

*Attorneys for Defendant Conifer Revenue Cycle Solutions, LLC*

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 9
Case No. 2:23-cv-01790

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I served the foregoing DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT via the method(s) below to the following parties:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani Jr., WSBA #59991
EMERY | REDDY PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101-1269
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email:   emeryt@emeryreddy.com
         reddyp@emeryreddy.com
         paul@emeryreddy.com

*Attorneys for Plaintiff Shannon Spencer*

☒   by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐   by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒   by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 20th day of November, 2023 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 10
Case No. 2:23-cv-01790

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058