Honorable Judge Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>CONIFER REVENUE CYCLE SOLUTIONS, LLC, a Texas limited liability company doing business as CONIFER HEALTH SOLUTIONS and CONIFER HEALTH; and DOES 1-20,<br><br>        Defendants. | Case No. 2:23-cv-01790-BJR<br><br>**DEFENDANT CONIFER REVENUE CYCLE SOLUTIONS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FRCP RULE 12(f)** |

Defendant Conifer Revenue Cycle Solutions, LLC ("Defendant") submits this Reply in Support of its Combined Motions to Dismiss Pursuant to FRCP Rule 12(b)(6) and Strike Pursuant to FRCP Rule 12(f), and states as follows:

## INTRODUCTION

Plaintiff failed to plead facts showing that he is entitled to relief for alleged violations of the job posting rules of the EPOA for two key reasons. First, Plaintiff failed to plead facts showing that he was a bona fide applicant for a position with Defendant. Instead, Plaintiff contends that such facts do not matter, and that employers like Defendant are strictly liable to anyone who submits a job application. But the Legislature never intended RCW 49.58.110 to be so expansive,

1   and Plaintiff's interpretation would lead to absurd and unintended results.  In fact, likely in

2   recognition of the spate of RCW 49.58.110 class actions, on January 12, 2024, a bipartisan group

3   of representatives offered an amendment to RCW 49.58.110, which would, among other things,

4   define "job applicant" to mean "a person who has made and submitted a bona fide application for

5   employment […]."  *See* HB 2349, https://lawfilesext.leg.wa.gov/biennium/2023-24/Pdf/Bills/

6   House%20Bills/2349.pdf.  It would also create a safe harbor for employers to cure allegedly

7   defective job postings.  Second, aside from the fact that Plaintiff failed to plead facts showing that

8   he is entitled to relief for alleged violations of the job posting rules of the EPOA, Plaintiff is not

9   entitled to file a civil action under the EPOA.  The EPOA authorizes job applicants to pursue a

10  remedy for alleged violations of RCW 49.58.110 only before the Washington State Department of

11  Labor & Industries ("L&I").

12          Additionally, while Plaintiff claims it would be premature to strike his class allegations,

13  Plaintiff's Opposition ("Opp.") does not dispute that he and the putative class members are subject

14  to unique and individualized defenses, such as whether each one of them is a bona fide applicant

15  for employment.  This question cannot be answered on a class-wide basis, but rather, requires a

16  case-by-case assessment of each applicant.  This reality is apparent based on the face of the

17  Complaint.

18          For the foregoing reasons, and others below, the Complaint should be dismissed with

19  prejudice.  If the Complaint is allowed to survive, then the class allegations should be stricken, or

20  in the very least, limited to the position for which Plaintiff applied.

21

22

23

24

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 2
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

**ARGUMENT**

2

**A.    Plaintiff Failed to Allege that He Was a Bona Fide Applicant for a Position with Defendant.**

3      In the Opp., Plaintiff does not dispute (nor could he) that his Complaint contains no

4   allegations that he was a bona fide "applicant" who had a good-faith intent to gain employment

5   with Defendant.  *See* Dkt. 16 at 7–9.  Instead, Plaintiff argues that he "need not allege 'intent' to

6   accept a position if it is offered because this element does not exist within the text of RCW

7   49.58.110."  Opp. at 6.  This mischaracterizes Defendant's position.

8      What Defendant actually argued is that the EPOA requires "applicants" to have an intent

9   to gain employment necessary to qualify for the remedies under RCW 49.58.110.  This is

10  established by both the legislative history and guidance from L&I.  See S.B. Rep. ESSB 5761, at

11  3 ("Many candidates spend hours going through rounds of interviews only to find out they can't

12  live on the offered pay. It is also an equity issue, punishing women and people of color because

13  they get punished for negotiating where white men are rewarded for the same thing."); Dkt. 8 ¶ 4,

14  Ex. C ("L&I will investigate complaints filed by applicants who have applied to a job in good faith

15  with the intent of gaining employment.").  Plaintiff's failure to address this argument results in a

16  waiver and should be dispositive.  *See Thomas v. State Farm Mut. Auto. Ins. Co.*, 2023 U.S. Dist.

17  LEXIS 49836, *5 (W.D. Wash. Mar. 23, 2023) (arguments not addressed in opposition to motion

18  to dismiss are waived).

19     Regardless, Plaintiff repeatedly concedes in the Opp. that the applicant's intent matters

20  under the EPOA.  For example, he argues that the Court should infer that he "intended to accept if

21  his wage requirements were met."  Opp. at 8.  Indeed, Plaintiff even submitted a Declaration with

22  an allegation about his "intent."  Dkt. 21.  As exhibited by the Declaration, Plaintiff knows that his

23  intent to gain employment in Washington is an essential element that he was required to allege,

24

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 3
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   yet nothing in the Complaint contains such an allegation.  Thus, by failing to allege that he applied

2   in good faith with the intent of gaining employment, Plaintiff has failed to establish that he is a

3   bona fide "applicant" under RCW 49.58.110.  As further explained below, Plaintiff should now be

4   estopped from attempting to do so in a desperate, eleventh-hour Declaration in opposition to a

5   motion to dismiss.  This is a textbook failure to state a claim under Rule 12(b)(6), thus requiring

6   dismissal.

7           The parties to this litigation agree that the question of who is an "applicant" is an issue of

8   first impression under the EPOA, and Defendant requests that this Court resolve this ambiguity by

9   considering the plain language of the statute, the intent of the statute, and agency interpretation of

10  who is an applicant and who may pursue a private right of action.  On the other hand, Plaintiff

11  argues that the EPOA creates strict liability for employers and that anyone, anywhere who submits

12  an application, regardless of intent or qualifications, is entitled to at least $5,000.  As was set forth

13  in Defendant's Motion to Dismiss, Plaintiff's reading of the law does not advance the legislative

14  intent of the EPOA and creates perverse incentives for individuals to apply for jobs without an

15  intent to work the job.   The result Plaintiff advocates for in this instance is absurd and Plaintiff

16  does not, because he cannot, refute that it will result in absurd results.

17          Plaintiff further argues that, without a definition of "applicant" in the statute, the Court

18  should grant the broadest possible definition of the term, and ignore anything that L&I has to say

19  about it.  Contrary to Plaintiff's position, Defendant requests that this Court, consistent with the

20  duty of courts to avoid absurd results to achieve the legislature's intent, analyze the language of

21  the EPOA and apply the definition of "applicant" used by L&I.  Here, the legislative intent is to

22  close the wage gap among "workers in Washington" by facilitating a discussion "at the start of the

23  process instead of after an offer has been made" and to prevent "candidates [from] spend[ing]

24

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 4
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

hours going through rounds of interviews only to find out they can't live on the offered pay." Motion (Dkt. 7), p. 3-4.  To achieve that legislative intent, L&I interpreted that to mean that it only "applies to Washington based employees and applicants" and that a "person is only considered an 'applicant' for the specific posting(s) they applied for, not every available job of the employer." *Id*.  L&I further explained this to mean that applicants are only those "who have applied to a job in good faith with the intent of gaining employment." *Id*.

Here, we know Plaintiff is a serial litigant who has filed at least five other lawsuits currently pending in the USDC Western District of Washington alleging the same alleged violations against various employers.  *See Spencer v. Providence St. Joseph Health Foundation et al*., 2:23-cv-01723-BJR; *Spencer v. JELD-WEN, Inc. et al.*, 2:23-cv-01757-BJR; *Spencer v. RXO, Inc. et al*, 2:23-cv-01760-TSZ; *Spencer v. BNY Mellon Securities Corporation et al*, 2:23-cv-01767-BJR; *Spencer v. Walmart, Inc.*, 2:23-cv-01793-BJR.  He also has two other cases that were filed in the King County, Washington Superior Court alleging identical allegations and claims.  *See Spencer v. MasterCard International Inc.*, King County Case No. 23-2-19564-7; *Spencer v. Washington Federal Bank*, King County Case No. 19395-4.

To establish that he is a bona fide applicant for a position with Defendant, as noted above, Plaintiff submitted Declaration in support of his argument that he had a good faith intent to accept the job at Defendant even though he denies those elements are required to be an applicant under the EPOA and asks that the Court ignore that agency interpretation.  Where there is ambiguity as to the language in a statute, as there is here, courts should afford substantial weight to the agency's interpretation.  *Port of Tacoma v. Sacks*, 495 P.3d 866, 874 (Wash. Ct. App. 2021); *State v. Numrich*, 480 P.3d 376, 385 (Wash. 2021); *Huntley v. Bonner's, Inc.*, 2003 U.S. Dist. LEXIS

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 5
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    26643, *12 n.4 (W.D. Wash. Aug. 14, 2003) (quotation omitted).  Defendant asks that this Court

2    give such weight to the L&I's interpretation of who is an applicant.

3         **B.      Plaintiff's Statutory Right to "Remedies" Does Not Also Create the Right to File a Private Cause of Action.**

4         Presumably because he does not like L&I's interpretation, Plaintiff asks the Court to ignore

5    L&I's interpretation of "applicant" (as discussed above), and he claims that L&I has no authority

6    to interpret the remedies provisions of the EPOA.  This argument ignores what remedies are

7    available to Plaintiff and what course of action a job applicant may use to obtain those remedies.

8    The EPOA only provides that the remedies available in certain sections may be available to job

9    applicants and employees. RCW 49.58.110.  The remedies sections of the EPOA outline what

10   remedies may be available through a complaint with L&I (RCW 49.58.060) and what remedies

11   may be available through a private right of action. (RCW 49.58.070).  L&I interpreted this to mean

12   that "*[e]mployees and job applicants* who believe their rights under the Equal Pay and

13   Opportunities Act have been violated may file a complaint with L&I." Declaration of Adam T.

14   Pankratz at Exhibit A, Equal Pay and Opportunities Act, (RCW 49.58) *Employer's Guide* at 7

15   (emphasis added).  Whereas, an "*employee* can file a complaint with L&I for violation of the Equal

16   Pay and Opportunities Act or bring a civil action against an employer. . . ." *Id.* at 9 (emphasis

17   added).  Based on the text, the right to file a private right of action is afforded only to employees.

18   This interpretation should be granted substantial weight.  *See e.g., Port of Tacoma v. Sacks*, 495

19   P.3d 866, 874 (Wash. Ct. App. 2021 (deferring to L&I's interpretation)).  Thus, it is unmistakable

20   that the right to file a private right of action is afforded only to employees.

21        Yet, Plaintiff, as an alleged job applicant, is attempting to pursue a private right of action

22   under RCW 49.58.070, a right he was not granted by the Legislature.  The different methods to

23   seek remedies that may be available to different classes of individuals (employees versus job

24

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 6
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

applicants) is recognized by L&I and is consistent with a plain reading of the EPOA. In other words, applicants and employees are thus entitled to essentially the same relief, though the Legislature decided to provide different procedural means for them to obtain that relief.  Even if he was a bona fide applicant (and he is not), Plaintiff is not entitled to bring a private cause of action because he was not granted such a right by the EPOA.  *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (holding that there is no private right of actions unless Congress intended to create such a right); *Sanai v. Sanai*, No. CO2-2165Z, 2005 WL 1172437 at *18 (W.D. WA May 18, 2005) ("The Court cannot create a private cause of action where it does not exist in the statute.").

For the reasons in Defendant's Motion (Dkt. 7) and as outlined herein, Defendant requests that this Court grant the Motion to Dismiss as to Count I of the Complaint.

### C.      Plaintiff's Alleged Injuries are Speculative and Not Injuries In Fact.

For purposes of Article III standing, Plaintiff "must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).  He does not meet this requirement merely because a statute "purports to authorize [him] to sue to vindicate [a] right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016).

Here, Plaintiff failed to plead facts supporting an injury in fact.  While he claims that harm was caused to his pay, promotions, and career as a result of not being privy to the wage, in reality, Plaintiff only submitted an application.  He was not interviewed or offered a job, and as such, the alleged harm is merely speculative.  Such is insufficient to confer standing to bring this lawsuit. *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988) (standing not found "[w]hen

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 7
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    'speculative inferences' are necessary . . . to establish either injury or the connection between the

2    alleged injury and the act challenged. . . .").

3    **D.      Plaintiff Abandoned Counts II and III, and They Should Be Dismissed.**

4    Defendant argued in its opening brief that Counts II and III of the Complaint seeking

5    injunctive and declaratory relief should be dismissed.  (Dkt. 7).  Plaintiff did not respond to these

6    arguments (*see generally* Dkt. 16).  Accordingly, Plaintiff abandoned those claims and they should

7    be dismissed with prejudice.  *See e.g., NW Monitoring LLC v. Hollander*, 534 F. Supp. 3d 1329,

8    1344 (W.D. Wash. Apr. 15, 2021) (dismissing certain claims with prejudice after finding plaintiff

9    abandoned those claims by failing to respond to the motion to dismiss); *Lopez v. Wendy's Int'l*,

10   No. CV 11-00275 MMM (JCx), 2012 U.S. Dist. LEXIS 196652, at *17 (C.D. Cal. Sept. 18, 2012)

11   ("The court also notes that plaintiff failed to respond to defendant's motion to dismiss her

12   injunctive relief prayer. Her request for such relief is thus abandoned, and the dismissal is with

13   prejudice.").

14   **E.      Defendant's Motion to Strike Should be Granted.**

15   Plaintiff's only response to Defendant's motion to strike is that it would be premature to

16   dismiss his class allegations at the pleading stage.  He is wrong for three reasons.

17   First, Fed. R. Civ. P. 23(c)(1)(A) requires the consideration of class issues "[a]t an early

18   practicable time after a person sues […] as a class representative. . . ."  Importantly, Rule 23 does

19   not require discovery or a motion for class certification.  In fact, district courts across the country

20   have stricken class allegations where certifiability issues were present at the outset.  *See, e.g., Oom*

21   *v. Michaels Cos. Inc.*, No. 1:16-cv-257, 2017 WL 3048540, at *4-*5 (W.D. Mich. July 19, 2017)

22   (granting motion to strike where "fail-safe" class definition included "only those customers that

23   Plaintiffs claim are entitled to relief" and where class could not satisfy typicality, commonality, or

24

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 8
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

predominance requirements of Rule 23); *Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219, at *5 (D. Colo. Sept. 25, 2012) (granting motion to strike where overbroad class included persons who purchased product "regardless of whether he or she was ever injured"); *Lawson v. Life of the S. Ins., Co.*, 286 F.R.D. 689, 697 (M.D. Ga. 2012) (granting motion to strike where plaintiff could not satisfy predominance requirement as a matter of law); *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, No. 8:12-CV-897-T-30TBM, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012) (striking class allegations where critical issues to be resolved "will be individual in nature"); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207-08 (M.D. Fla. 2010) (dismissing class allegations as "inappropriate" where claims arose from individualized benefits determinations).  Thus, Plaintiff's claim of prematurity is unpersuasive.

Second, aside from his claim of prematurity, Plaintiff has simply offered nothing to dispel the certifiability issues in his claim, which are present at the outset.  Most importantly, if Defendant's theory of liability is correct, then Plaintiff and the putative class members are subject to unique and individualized defenses, including whether each is a bona fide applicant for employment.  This determination must be made on a case-by-case basis and based on a number of individualized questions, such as whether the applicant is qualified for the position, whether the applicant is genuinely interested in the role, and whether the applicant intends to gain employment.  The reality is that each individual will have different answers to these questions, which will give rise to individualized defenses to the claims of Plaintiff and the putative class members.  In other words, the question cannot be answered as to all in one fell swoop.  No discovery is necessary to recognize this fact, and as a result, the class allegations should be stricken at this early stage.

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 9
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Third, as shown above, contrary to Plaintiff's position, L&I is empowered to enforce and interpret RCW 49.58.110.  In doing so, L&I limited the standing of job applicants to the position for which they applied.  Here, Plaintiff seeks to represent a class of applicants who applied for positions that are different than the one for which he applied.  As set forth in Administrative Policy Number ES.E.1, L&I explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied for, not for every available job of the employer."  Thus, if an applicant is authorized to bring a civil action for a claim under RCW 49.58.110 (which they are not as described above), then they would be authorized to do so only as to the specific job posting for which they applied.  Because Plaintiff did not apply for every job posting of Defendant encompassed by his overly-broad Class Definition, he is not an applicant for them, and thus, he is not authorized to pursue a civil action as it relates to those job postings for which he did not apply.  Therefore, in the very least, Plaintiff's Class Definition should be limited to the specific job posting for which he applied.

## CONCLUSION

For the reasons set forth above, Atkinson has failed to state a claim for relief and his Complaint should be dismissed pursuant to Rule 12(b)(6).  The undisputed evidence confirms that there is no basis-in-fact for Plaintiff's claims in this lawsuit.  Defendant, therefore, respectfully requests that the Court grant its Combined Motions to Dismiss and Strike in its favor, and issue such other relief as the Court deems just and appropriate.

///

///

///

///

DEFENDANT CONIFER REVENUE CYCLE SOLUTIONS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTIONS TO DISMISS AND STRIKE - 10
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1        Respectfully submitted this 2nd day of February, 2024.

2    I certify that this memorandum contains        OGLETREE, DEAKINS, NASH, SMOAK
     3,009 words, in compliance with the            & STEWART, P.C.
3    Local Civil Rules.

                                                    By: */s/ Adam T. Pankratz*
4                                                       Adam T. Pankratz, WSBA #50951
                                                        1201 Third Avenue, Suite 5150
5                                                       Seattle, WA  98101
                                                        Telephone: (206) 693-7057
6                                                       Facsimile: (206) 693-7058
                                                        Email:  adam.pankratz@ogletree.com
7
                                                    OGLETREE, DEAKINS, NASH, SMOAK
8                                                   & STEWART, P.C.

9                                                   By: */s/ Mathew A. Parker*
                                                        Mathew A. Parker, OSBA #0093231
10                                                      (admitted *pro hac vice*)
                                                        The KeyBank Building
11                                                      88 East Broad Street, Suite 2025
                                                        Columbus, OH  43215
12                                                      Telephone:  (614) 494-0420
                                                        Facsimile:  (614) 633-1455
13                                                      Email:  mathew.parker@ogletree.com

                                                    *Attorneys for Defendant Conifer Revenue Cycle*
14                                                  *Solutions, LLC*

15

16

17

18

19

20

21

22

23

24
     DEFENDANT CONIFER REVENUE CYCLE              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
     SOLUTIONS, LLC'S REPLY IN SUPPORT            1201 Third Avenue, Suite 5150 | Seattle, WA 98101
     OF ITS COMBINED MOTIONS TO DISMISS           Phone: 206-693-7057 | Fax: 206-693-7058
     AND STRIKE - 11
     Case No. 2:23-cv-01790-BJR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 2, 2024, I served the foregoing DEFENDANT CONIFER REVENUE CYCLE SOLUTIONS, LLC'S REPLY IN SUPPORT OF ITS COMBINED MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FRCP RULE 12(f) via the method(s) below to the following parties:

> Timothy W. Emery, WSBA #34078
> Patrick B. Reddy, WSBA #34092
> Paul Cipriani Jr., WSBA #59991
> EMERY | REDDY PLLC
> 600 Stewart Street, Suite 1100
> Seattle, WA  98101-1269
> Telephone:  (206) 442-9106
> Facsimile:  (206) 441-9711
> Email:     emeryt@emeryreddy.com
>             reddyp@emeryreddy.com
>             paul@emeryreddy.com

*Attorneys for Plaintiff Shannon Spencer*


☒     by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐     by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐     by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 2nd day of February, 2024 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Cheryl L. Kelley*
     Cheryl L. Kelley, Practice Assistant
     cheryl.kelley@ogletree.com

DEFENDANT CONIFER REVENUE CYCLE
SOLUTIONS, LLC'S REPLY IN SUPPORT
OF ITS COMBINED MOTIONS TO DISMISS
AND STRIKE - 12
Case No. 2:23-cv-01790-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058